16-750-cv
*Schwartz v. DEA*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

———————————————————————

MATTATHIAS SCHWARTZ,

> *Plaintiff-Appellee*,

v.                                                            16-750-cv

UNITED STATES DRUG
ENFORCEMENT ADMINISTRATION,

> *Defendant-Appellant*.

———————————————————————

For Plaintiff-Appellee:          CARL N. WEDOFF (Brian J. Fischer, *on the brief*), Jenner & Block LLP, New York, New York.

For Defendant-Appellant:         WILLIAM E. HAVEMANN (Mark B. Stern, *on the brief*), *for* Wendy H. Goggin, Chief Counsel, Bettie E. Goldman, Deputy Chief Counsel, U.S. Drug Enforcement Administration; Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Bridget

M. Rohde, Acting United States Attorney for the Eastern District of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The United States Drug Enforcement Agency (the "DEA") brings this interlocutory appeal from the district court's order granting summary judgment to plaintiff Mattathias Schwartz and directing the DEA to release redacted video footage of a May 11, 2012 drug interdiction raid undertaken near Ahuas, Honduras (the "Ahuas Video"). Schwartz sought the release of the Ahuas Video pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, but the DEA withheld it under FOIA Exemption 7(E), *id.* § 552(b)(7)(E), as "disclos[ing] techniques and procedures for law enforcement investigations or prosecutions." We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "review[] *de novo* a district court's grant of summary judgment in a FOIA case." *Wood v. FBI*, 432 F.3d 78, 82 (2d Cir. 2005). FOIA Exemption 7(E) protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions." 5 U.S.C. § 552(b)(7). FOIA exemptions do not apply if a requesting party "point[s] to specific information in the public domain that appears to duplicate that being withheld." *Inner City Press/Cmty. on the Move v. Bd. of Governors of the Fed. Reserve Sys.*, 463 F.3d 239, 249 (2d Cir. 2006) (quoting *Afshar v. U.S. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983)).

2

Subsequent to oral argument in this appeal, on May 24, 2017, the Offices of the Inspectors General of the U.S. Department of Justice and the U.S. Department of State issued a joint review of, *inter alia*, the drug interdiction raid depicted in the Ahuas Video. The redacted, publicly available version of the review, which the DEA filed with the Court pursuant to Federal Rule of Appellate Procedure 28(j), includes both extensive narrative discussion of the raid and screenshots from the Ahuas Video. It describes many, though not all, of the alleged law enforcement techniques and procedures the DEA asserts the Ahuas Video would reveal. For example, the review documents the existence of radio communication between air and ground personnel; the manufacturer and some of the capabilities of the infrared surveillance camera used; the presence of only a single United States Customs and Border Protection surveillance plane; and the fact that law enforcement pursued the narcotics rather than the individuals transporting them. In light of the disclosure, these alleged techniques and procedures do not provide a basis for withholding the Ahuas Video under Exemption 7(E). *See* 5 U.S.C. § 552(b)(7)(E); *Inner City Press*, 463 F.3d at 249.

As for the alleged law enforcement techniques and procedures not disclosed by the review, we conclude that the district court did not err in determining that they are not protected by FOIA Exemption 7(E).[1] Some of them already appear in other publicly available materials,[2]

---

[1] To be clear, we decline to rule on whether the data appearing on screen in the Ahuas Video is protected by FOIA Exemption 7(E) because the district court has not yet definitively ruled on the issue, though we agree that "producing specific flight data might reveal a protected technique or procedure," Special App'x at 35.

[2] We grant Schwartz's September 22, 2016 request to take judicial notice of three additional documents. At any stage of a proceeding, a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *id.* 201(d); *Hotel Emps. & Rest. Emps. Union, Local 100 v. N.Y.C. Dep't of Parks & Recreation*, 311 F.3d 534, 540 n.1 (2d Cir. 2002). The parties do not dispute the authenticity of the materials offered by Schwartz, and we take notice of the fact that their contents were in the public domain.

and the remainder either (a) are not disclosed by the Ahuas Video, or (b) are not law enforcement techniques or procedures at all, but rather are only the circumstances in which publicly known techniques and procedures were employed. We accordingly affirm for substantially the reasons identified by the district court.[3]

We have considered all of the DEA's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] We deny Schwartz's pending motion to file a supplemental brief as moot.